IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00093-CMA-CBS

ZUQUETE Z. HARRIS,
    Plaintiff,
v.

SERGEANT NICKELS,
MAJOR NYCZ,
CM LIEUTENANT RYAN M. LONG #8887,
LIEUTENANT LAWSON,
GANG COORDINATOR LIEUTENANT LITTLE,
DOCTOR FORTUNATO,
CAPTAIN B.K. WHITNEY #9400,
NEIL PASKO, Prison Official,
NURSE KELSEY PRUSHA,
LIEUTENANT J.R. CARPENTER, and
LIEUTENANT TAVENNER,
    Defendants.

---

ORDER

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Plaintiff Mr. Harris' "Motion for Voluntary Dismissal" (filed September 2, 2011) (Doc. # 39). Pursuant to the Order of Reference dated April 8, 2011 (Doc. # 17) and the memorandum dated September 6, 2011 (Doc. # 40), this matter was referred to the Magistrate Judge. The court has reviewed the matters and the entire case file and is sufficiently advised in the premises.

    Mr. Harris seeks "a voluntary dismissal of this case without prejudice." A "plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or of a motion for summary judgment." Fed. R. Civ. P. Rule 41(a)(1)(A)(i). "The filing of a notice of dismissal pursuant to Rule 41(a)(1)(i) does not require an order of the court." *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (citation omitted). *See also Marex Titanic, Inc. v. The Wrecked & Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993) (stating voluntary dismissal is "self-executing, *i.e.,*

it is effective at the moment the notice is filed with the clerk and no judicial approval is required"). Defendants named in Plaintiff's Complaint (Doc. # 6) have not filed an answer or a motion for summary judgment.

Mr. Harris indicates that he may wish to refile his case at a later time. The court notes for Mr. Harris that the statute of limitations could bar the refiling of his claims, should he wait too long to do so. Mr. Harris brings three claims for "Failure to Protect from Harm," "Assault and Battery by Way of Excessive Force," and "Conspiracy" pursuant to Title 42 U.S.C. § 1983 based on conduct that occurred between April 2010 and October 2010. (*See* Doc. # 6). The statute of limitations for § 1983 claims is determined by state law. *See Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993) (to determine the timeliness of a claim under § 1983, federal courts must look to the applicable state statute of limitations). *See also Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008) ("The statute of limitations is drawn from the personal-injury statute of the state in which the federal district court sits."). Colorado law provides a two-year statute of limitations for actions brought pursuant to § 1983. *See* Colo. Rev. Stat. § 13-80-102(g) (establishing a two-year limitation period for "all actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "all other actions of every kind for which no other period of limitation is provided"); *Blake*, 997 F.2d at 750 (applying § 13-80-102 to § 1983 claim).

The determination of when a § 1983 action accrues is controlled by federal rather than state law. *Smith v. Gonzales*, 222 F.3d 1220, 1222 (10th Cir. 2000) (citation omitted). "Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). *See also Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994) ("The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of injury which

is the basis of his action.").

As an affirmative defense, the statute of limitations may be subject to certain defenses such as waiver, estoppel, or equitable tolling. *See Rotella v. Wood*, 528 U.S. 549, 560 (2000) (federal statutes of limitations "are generally subject to equitable principles of tolling"). Equitable tolling is employed as an "exception, not the rule." *Rotella*, 528 U.S. at 561. The issue of tolling, like the statute of limitations, is governed by state law. *Hardin v. Straub*, 490 U.S. 536, 539 (1989); *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). "Once the statute of limitations is raised as an affirmative defense, the burden shifts to the plaintiff to show that the statute has been tolled." *Overheiser v. Safeway Stores, Inc.*, 814 P.2d 12, 13 (Colo. App. 1991). Under Colorado law, there are two circumstances where equitable tolling may apply. The doctrine of equitable tolling "permits the statute of limitations to be tolled only where the defendant's wrongful conduct prevented the plaintiff from asserting the claims in a timely manner or truly exceptional circumstances prevented the plaintiff from filing the claim despite diligent efforts." *Morrison v. Goff*, 74 P.3d 409, 412-13 (Colo. App. 2003) (citation omitted). *See also Sandoval v. Archdiocese of Denver*, 8 P.3d 598, 604-05 (Colo. App. 2000) ("[i]n order for a statute of limitations to be tolled because of equitable considerations, it is the plaintiff's burden to establish that the defendant's actions prevented her from filing a timely claim.") (citation omitted).

A party may not deduct from the period of statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice to him. *See Cook v. G.D. Searle & Co., Inc.*, 759 F.2d 800, 805 (10th Cir. 1985) ("pronouncements of Colorado law indicate a policy disfavoring tolling by mere pendency of a prior action, absent a statutory provision providing for such tolling.") (citation omitted). The court finds no such statutory exception here and none is brought to the court's attention. Further, the remedial revival statute, Colo. Rev. Stat. § 13-80-111, is applicable to all actions which are first commenced in a

federal court and tolls the running of the applicable statute of limitations when the original action has been terminated for lack of jurisdiction. *Nguyen v. Swedish Medical Center*, 890 P.2d 255 (Colo. App. 1995).  However, voluntary dismissal will not toll the running of the applicable statute of limitations.  *See Currier v. Sutherland*, 218 P.3d 709, 712-15 (Colo. 2009) (remedial revival statute did not apply because trial court did not dismiss case on jurisdictional grounds).

Accordingly, with these warnings to Mr. Harris, Mr. Harris' "Motion for Voluntary Dismissal" (filed September 2, 2011) (Doc. # 39) is treated as a notice of dismissal pursuant to Rule 41(a)(1)(A)(i), voluntarily dismissing this civil action without the necessity of a court order.

DATED at Denver, Colorado, this 6th day of September, 2011.

BY THE COURT:

   s/Craig B. Shaffer   
United States Magistrate Judge